UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ARCHIE BEAR, et al., | )<br>) |
| Plaintiffs, | ) No. 14 cv 05 EJM |
| vs. | )<br>) ORDER |
| TRACY DIETSCH, et al., | ) |
| Defendants. | )<br>)<br>) |

This matter is before the court on plaintiffs' resisted motion to certify this case as a class action, filed February 19, 2014. Denied.

The five plaintiffs are or were prisoners at the Anamosa State Penitentiary in Anamosa, Iowa. They bring this action under 42 U.S.C. §1983 for deprivation of their First Amendment Free Exercise right to worship. Jurisdiction is under 28 U.S.C. §1331.

The plaintiffs' challenge the Iowa Department of Corrections Transition Incentive Program (TIP). The program creates a level system for inmates who are coming out of administrative segregation and disciplinary detention. It uses an incentive system to gradually transition the inmates from a segregated status to a general population status. A form of this program has been in place in the Iowa prison system, including the Anamosa prison since at least the 1990s.

At issue in this case is the TIP-1 level. This is the first level for inmates coming out of segregation. Inmates in segregation are not allowed to attend any community religious services at the prison, but rather are allowed to exercise their religious beliefs in their individual cells. Such restrictions generally do not violate the inmate's constitutional rights. See Cooper-Bey v. Rogerson, 117 F.3d 1422 (8th Cir. 1997).

Fed R. Civ. P. 23 governs the determination whether class action certification should be granted:

> The district court may grant a motion to certify a class action only if the putative class representative satisfies all four of the requirements set forth in Federal Rule of Civil Procedure 23(a), and the class action satisfies one of the three subsections of Federal Rule of Civil Procedure 23(b). *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 613-14, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997). In common shorthand, the requirements for class actions under Rule 23(a) are (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. Id. at 613, 117 S.Ct. 2231.

Raffray v. Woodbury County, Iowa, 614 F.3d 831, 835 (8th Cir. 2010).

In this case, plaintiffs claim the TIP regulations violate their First Amendment Free Exercise rights. In these cases, the first thing an inmate must establish is the inmate's sincerely held religious belief, Kind v. Frank, 329 F.3d 979 (8th Cir. 2003). This is a highly individualized inquiry. Iron Eyes v. Henry, 907 F.2d 810 (8th Cir. 1990). On this basis alone, plaintiffs cannot establish commonality nor typicality.

The plaintiffs have not established the prerequisites to class certification.

It is therefore

ORDERED

Denied.

July 7, 2014

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT