IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| ARCHIE BEAR, *et al.*, | |
| Plaintiffs, | No. C14-0005 |
| vs. | ORDER REGARDING PENDING MOTIONS |
| TRACY DIETCH, *et al.*, | |
| Defendants. | |

This matter comes before the Court on the Request for Clarification (docket number 37) filed by Plaintiffs on August 1, 2014, and the Motion to Set Trial Date (docket number 38) and Renewed Motion to Appoint Counsel (docket number 40), both filed by Plaintiffs on August 6. On August 13, Defendants filed a Resistance (docket number 41) to Plaintiffs' Motion to Set Trial Date.

On January 16, 2014, Plaintiffs filed a motion to proceed *in forma pauperis*, with an attached civil complaint brought pursuant to 42 U.S.C. § 1983. Also on January 16, Plaintiffs filed a motion for appointment of counsel. On February 10, Judge Edward J. McManus granted the application to proceed *in forma pauperis* for four of the Plaintiffs, and denied it without prejudice for the fifth Plaintiff.[1] Judge McManus also denied Plaintiffs' motion for appointment of counsel.

On February 19, 2014, Plaintiffs filed a motion to certify the action as a class action. The Court ordered Defendants to respond not later than April 30. Following an extension of the deadline, Defendants filed a resistance on May 9. Plaintiffs filed a reply

---

[1] The motion to proceed *in forma pauperis* was granted for the fifth Plaintiff on April 3, 2014.

on May 23. At the Court's request, Defendants filed a supplemental resistance on June 26. On July 7, Judge McManus denied Plaintiffs' request for class certification.

Not willing to take "no" for an answer, on July 21, 2014, Plaintiffs filed a motion to expand Judge McManus' ruling regarding class action. The motion was denied by Judge McManus on July 24. On July 31, Plaintiffs filed a motion to reconsider Judge McManus' ruling on the class certification issue. Judge McManus denied the motion on August 13.

Meanwhile, on August 6, Plaintiffs filed the instant renewed motion for appointment of counsel. There is no constitutional or statutory right to appointed counsel in civil cases. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) (citing *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995)). However, a court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). In deciding whether to recruit counsel to represent a party unable to afford counsel, the court may consider "the factual and legal complexity of the underlying issues, the existence of conflicting testimony, and the ability of the indigent plaintiff to investigate the facts and present his claims." *Id.* (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). *See also Sanders v. Holloway*, 95 Fed. Appx. 842, 843-44 (8th Cir. 2004) (same).

In their prolix 27-page complaint, Plaintiffs claim that Defendants have violated their First Amendment right to freely exercise their religious beliefs. According to Plaintiffs, the policies adopted by the prison for inmates under certain disciplinary restrictions violates their right to freely exercise their religion, and constitutes cruel and unusual punishment. The Court does not believe the allegations are factually or legally complex. Furthermore, Plaintiffs are familiar with the facts, and it appears that a substantial portion of the evidence may be undisputed. The Court believes the facts may be adequately presented and the issues submitted without the appointment of counsel.

Accordingly, for the second time, the Court denies Plaintiffs' motion for appointment of counsel.

In their other two motions, Plaintiffs "resist" and request a clarification of the "notice of dismissal" filed by the Clerk of Court on July 28, 2014. The notice attaches a copy of Local Rule 41, but does not otherwise advise Plaintiffs of the basis for dismissal of the action. The Court is not entirely clear of the reason for the Clerk's notice. Often, the notice of dismissal is generated by a party's failure to submit a proposed scheduling order and discovery plan within 120 days after the filing of the complaint, as required by Local Rule 16.a. The Court notes, however, that a proposed scheduling order and discovery plan is not required when the action is brought without counsel by a person in state custody. *See* Local Rule 16.d.3. In any event, the Court concludes that the action should not be summarily dismissed at this time.

In their final motion, Plaintiffs demand a jury trial and ask the Court to set the matter for trial. In their resistance, Defendants argue that Plaintiffs' jury demand is untimely. FEDERAL RULE OF CIVIL PROCEDURE 38(b) provides that a party may demand a jury trial by filing and serving a written demand "no later than 14 days after the last pleading directed to the issue is served." Here, Plaintiffs initiated the action on January 16, 2014. Defendants filed and served their answer on March 26, 2014. Plaintiffs' jury demand, which is included in its "Motion to Set Trial Date," was filed on August 6, some 133 days later. The Court finds Plaintiffs' jury demand is untimely.

While the Court believes that it is premature to set a trial date, the establishment of deadlines for completion of discovery and filing dispositive motions is appropriate. Specifically, all discovery must be completed not later than October 20, 2014. Dispositive motions, if any, must be filed not later than November 20, 2014. Following a resolution of dispositive motions, if any, the matter will be set for trial.

## ORDER

IT IS THEREFORE ORDERED as follows:

1. The Request for Clarification (docket number 37) filed by the Plaintiffs is **GRANTED**. This case will not be dismissed pursuant to the Notice of Dismissal filed by the Clerk of Court on July 28, 2014.

2. The Motion to Set Trial Date (docket number 38) filed by Plaintiffs is **DENIED**. However, the Court now sets the following pretrial deadlines:

    a. All discovery must be completed not later than **October 20, 2014**.

    b. Dispositive motions, if any, must be filed not later than **November 20, 2014**.

3. Plaintiffs' jury demand, as contained in their motion to set trial date, is **STRICKEN** as untimely.

4. The Renewed Motion to Appoint Counsel (docket number 40) filed by the Plaintiffs is **DENIED**.

DATED this 19th day of August, 2014.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA