UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | | |
|---|---|---|
| ARCHIE BEAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | No. 14 cv 05 EJM |
| vs. | ) | |
| | ) | ORDER |
| TRACY DIETSCH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on defendants' motion for summary judgment. The motion is resisted by plaintiff Yates, but not by the other plaintiffs. Granted.

The five plaintiffs are or were prisoners at the Anamosa State Penitentiary in Anamosa, Iowa. They bring this action under 42 U.S.C. §1983 for deprivation of their First Amendment Free Exercise right to worship by the prison's Transition Incentive Program (TIP), defendants' Exhibit C, which creates a leveled incentive system for inmates coming out of administrative segregation or disciplinary detention. The first level, TIP-1, limits in-person attendance at community religious services in favor of exercise of religious beliefs in inmates individual cells. Jurisdiction is under 28 U.S.C. §1331.

Plaintiff Archie Bear was committed to the custody and care of the Iowa Department of Corrections on February 28, 2000 to serve a 50-year sentence for Second Degree Murder. Plaintiff Duane Yates was committed to the custody and care of the Iowa Department of Corrections on October 14, 2002 to serve a 25-year sentence for Sex Abuse in the Second Degree. Plaintiff Alex Tejeda was committed to the custody and care of the Iowa Department of Corrections on July 19, 2012 to serve a ten-year

1

sentence for drug charges, and two two-year sentences for two counts of Child Endangerment. Plaintiff Tahjah Shepard was committed to the custody and care of the Iowa Department of Corrections on October 6, 2009 to serve two ten-year sentences for two counts of Burglary in the Second Degree. Plaintiff Michael Ferguson has been committed to the custody and care of the Iowa Department of Corrections on four separate occasions, the last time to serve a five-year sentence on a special sentence revocation.

At the time this case was filed, all five Plaintiffs were incarcerated at the Anamosa State Penitentiary in Anamosa, Iowa. Currently Plaintiffs Bear, Yates and Tejeda are still incarcerated at the Anamosa State Penitentiary in Anamosa, Iowa. However, Plaintiff Shepard is currently incarcerated at the Iowa State Penitentiary in Fort Madison, Iowa and Plaintiff Ferguson is currently incarcerated at the Mount Pleasant Correctional Facility in Mount Pleasant, Iowa.

The Defendant John Fayram, is the Warden of the Anamosa State Penitentiary in Anamosa, Iowa. The Defendant Tracy Dietsch is the Treatment Director of the Anamosa State Penitentiary in Anamosa, Iowa. The Defendant John Baldwin is the Director of the Iowa Department of Corrections. The Defendant Cindy Wolmutt is the Grievance Officer of the Anamosa State Penitentiary in Anamosa, Iowa. The Defendant Richard Jenkins, is the Religious Coordinator at the Anamosa State Penitentiary in Anamosa, Iowa. The Defendant Sheryl Dahm is an Assistant Deputy Director of the Iowa Department of Corrections.

Plaintiffs assert a First Amendment religious freedom claim against the Defendants concerning the practice of their respective religions while in the TIP-I level at the Anamosa State Penitentiary. Plaintiffs seek declaratory and injunctive relief as well as compensatory and punitive damages in this §1983 case.

The defendants deny the allegations and assert that they did not violate plaintiffs' First Amendment rights. The defendants further assert in this motion that plaintiffs' claims are barred by the requirement of the Prison Litigation Reform Act, 42 U.S.C. §1997e(a), to exhaust administrative remedies.

Summary judgment should be granted "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case..." Collates Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 2553 (1986). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1356 (1986). "In the language of the rule, the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita, 106 S.Ct. at 1356; Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2505, 2510 (1986).

42 U.S.C. § 1997e(a) makes exhaustion of all available administrative remedies a mandatory precondition to any action by a prisoner concerning conditions of his confinement. 42 U.S.C. § 1997e(a) states:

> No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Inmates within Iowa's correctional institutions are provided an administrative remedy to deal with complaints about prison conditions via the grievance policy. The grievance process may be utilized by any inmate, regardless of his security or disciplinary status. The remedy establishes a system for the prompt resolution of informal complaints and a more structured procedure for dealing with formal grievances. The procedure for dealing with formal grievances includes neutral, third-party investigation and evaluation of grievances. It also provides for a right of appeal.

There is no genuine issue of fact that each of the plaintiffs failed to exhaust his administrative remedies under the prison grievance policy concerning the complaints he raises in this case. Thus, judgment on all claims must be entered for defendants. Booth v. Churnes, 532 U.S. 731, 121 S.Ct. 1819 (2001).

In Jones v. Bock, 549 U.S. 199, 127 S. Ct. 910, 921-22 (2007), the United States Supreme Court stated, "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." To properly exhaust an administrative remedy the prisoner must "complete the administrative review process in accordance with the applicable procedural rules." Woodford v. Ngo, 548 U.S. 81, 88 (2006). The Eighth Circuit strictly construes the exhaustion requirement. See Walker v. Maschner, 270 F. 3d 473, 576-77 (8th Cir. 2001); Lyon v. VandeKrol, 305 F.3d 806, 809 (8th Cir. 2002).

Each plaintiff failed to file and exhaust all grievances concerning the issues he now raises in this case. Thus, plaintiffs have failed to exhaust their administrative remedies.

It is therefore

ORDERED

Granted. Judgment for defendants.

January 9, 2015

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT